NIKKI L. BAKER (NV Bar No. 6562)
nbaker@bhfs.com
LAURA BIELINSKI LANGBERG (NV Bar No. 10516)
llangberg@bhfs.com
EMILY A. ELLIS (NV Bar No. 11956)
eellis@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:     (702) 382-2101
Facsimile:     (702) 382-8135

Attorneys for Plaintiff
DOUBLE DOWN, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DOUBLE DOWN, INC., a Nevada corporation, <br><br>         Plaintiff, <br><br> v. <br><br> IGT, a Nevada corporation, <br><br>         Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> (1) Trademark Infringement under 15 U.S.C. § 1114 <br><br> (2) Unfair Competition under 15 U.S.C. § 1125(a) <br><br> (3) State Trademark Infringement under NRS 600.420 <br><br> (4) State Trademark Dilution under NRS 600.435 <br><br> (5) Common Law Trademark Infringement <br><br> (6) Cancellation and Abandonment under 15 U.S.C. §§ 1119, 1063(a), and 1064 |

For its complaint against Defendant IGT ("Defendant" or "IGT"), Plaintiff Double Down, Inc. ("DDI") alleges the following:

012179\0025\14374722.6

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

### NATURE OF THE CASE

1.      This is an action for trademark infringement and unfair competition under federal statutes, with pendent state and common law claims for trademark infringement and dilution. This action also seeks relief with respect to Defendant's federal trademark registration and pending trademark application.   DDI seeks damages, attorneys' fees, costs, and permanent injunctive relief.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over DDI's state and common law claims pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendant because Defendant is a Nevada corporation.

4.      Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

### PARTIES

5.      Plaintiff DDI is a Nevada corporation that owns and operates the Double Down Saloon in Las Vegas, Nevada.

6.      DDI is informed and believes, and thereon alleges, that Defendant IGT is a Nevada corporation doing business in Las Vegas, Nevada.

### DDI's RIGHTS IN DOUBLE DOWN

7.      For over two decades, DDI has owned and operated the Double Down Saloon in Las Vegas, Nevada ("Double Down LV Property"), which offers, among other things, casino services, bar and restaurant services, and live entertainment services.

8.      In 1993, DDI secured a restricted gaming license, which authorized DDI to offer casino services at the Double Down LV Property, including, but not limited to, video poker, blackjack, keno and slots.

012179\0025\14374722.6

9.     Since at least as early as February 25, 1993, DDI has continuously offered casino services at the Double Down LV Property under the trademarks DOUBLE DOWN SALOON and DOUBLE DOWN ("DDI's Marks").

10.     DDI owns the following federal trademark registrations and applications with the United States Patent and Trademark Office ("USPTO"):

    a.     DOUBLE DOWN SALOON trademark for "[e]ntertainment in the nature of casino services and live performances by musicians and musical groups" in International Class 41 (Reg. No. 3,754,434);

    b.     DOUBLE DOWN for "[e]ntertainment in the nature of casino services and live performances by musicians and musical groups" in International Class 41 (Ser. No. 86/205,273);

    c.     DOUBLE DOWN SALOON for "[r]estaurant and tavern services" in International Class 43 (Registration No. 3,085,525); and

    d.     DOUBLE DOWN for "[b]ar services; [c]ocktail lounge services; [t]avern services" in International Class 43 (Reg. No. 4,613,372).

11.     DDI also owns state registrations with the Nevada Secretary of State for DOUBLE DOWN for "entertainment, live musical performances, casino services" (Reg No. E0201392015-9) and "bar services, cocktail lounge services, tavern services" (Reg. No. E0200182015-3).

12.     DDI has expended money to advertise and promote the Double Down LV Property and DDI's Marks in nationwide print and broadcast media, and on the Internet, including through DDI's website located at www.doubledownsaloon.com and various social media outlets.

13.     Additionally, the Double Down LV Property has received national media coverage, including features on The Travel Channel as well as NBC's The Today Show.

14.     Because of DDI's significant investment in DDI's Marks over the course of more than two decades, DDI's Marks have acquired tremendous goodwill in the United States, and have acquired fame in the State of Nevada.

15.     DDI has protected its rights in DDI's Marks by, among other things, asserting such rights against trademark infringers upon discovering infringing activity.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

16.     Through DDI's extensive use of DDI's Marks and its trademark registrations with the USPTO and the Nevada Secretary of State, DDI owns the exclusive right to use DDI's Marks throughout the United States and the State of Nevada in connection with the goods and services listed in its registrations.

## DEFENDANT'S INFRINGING ACTIVITIES

17.     IGT owns Double Down Interactive, a company that in 2010 launched a social gaming application under the name DOUBLE DOWN CASINO ("CASINO Mark").

18.     The Double Down Casino social media application was originally owned by entities and individuals located in Seattle, Washington, who registered the CASINO Mark with the USPTO for "[e]ntertainment services, namely, providing on-line computer games" ("CASINO Registration") (Reg. No. 3,885,409).  Although the registration depicts DOUBLEDOWN as a single word, DDI is informed and believes, and thereon alleges, that IGT primarily, if not exclusively, uses the mark in the same way as DDI—DOUBLE [space] DOWN.

19.     IGT subsequently acquired the Double Down Casino application and its owner, including the rights in and to the CASINO Mark and corresponding CASINO Registration.

20.     IGT also owns an application currently pending before the USPTO for DOUBLE DOWN STUD ("STUD Mark") for "[e]ntertainment services, namely, providing on-line computer games" ("STUD Application") (Ser. No. 86/244,094).

21.     In 2013, IGT entered into revenue-sharing partnership agreements with land-based casinos, including casinos located in the State of Nevada, that allow casino players to access and use the Double Down Casino application through the casino partners' websites, thereby encroaching on DDI's rights in DDI's Marks for casino services.

22.     DDI is informed and believes, and thereon alleges, that Defendant began using the CASINO Mark in an infringing manner after DDI acquired rights in DDI's Marks.

23.     Defendant did not obtain DDI's consent or authorization to use and/or register the CASINO Mark or the STUD Mark.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

**PROCEEDINGS BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

24.     On September 18, 2014, DDI filed a Petition for Cancellation with the Trademark Trial and Appeal Board ("TTAB"), requesting that the CASINO Registration be cancelled.  This proceeding is currently pending before the TTAB, Proceeding No. 92059996.

25.     On September 18, 2014, DDI filed a Notice of Opposition with the TTAB, opposing Defendant's STUD Application.   This proceeding is currently pending before the TTAB, Proceeding No. 91218431.

26.     On October 6, 2014, IGT filed a Petition for Cancellation with the TTAB, requesting that the TTAB cancel DDI's registration for DOUBLE DOWN SALOON (Reg. No. 3,754,434).  This proceeding is currently pending before the TTAB, Proceeding No. 92060105.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

27.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28.     By its use of the CASINO Mark, Defendant intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorable imitations of DDI's Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with DDI.

29.     Defendant's use of the CASINO Mark has created a likelihood of confusion among consumers who will falsely believe that the Defendant is associated with DDI or that DDI has sponsored or approved of Defendant's services or commercial activities.

30.     Defendant's continued and knowing use of the CASINO Mark without DDI's consent or authorization constitutes intentional infringement of DDI's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31.     As a direct and proximate result of Defendant's infringement, DDI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

32.     In addition to monetary damages, DDI is entitled to permanent injunctive relief preventing Defendant's continued infringement of DDI's rights in DDI's Marks.

### SECOND CLAIM FOR RELIEF

### (Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

33.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.     Defendant's use of the CASINO Mark constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

35.     Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that the services Defendant offers in connection with the CASINO Mark are produced by, or affiliated or associated with, DDI, when in fact they are not.

36.     DDI is informed and believes, and thereon alleges, that Defendant acted knowingly, deliberately, and willfully with the intent to trade on DDI's reputation.

37.     Defendant's conduct is willful, wanton and egregious.

38.     As a direct and proximate result of Defendant's infringement, DDI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

39.     In addition to monetary damages, DDI is entitled to permanent injunctive relief preventing Defendant's continued infringement of DDI's rights in DDI's Marks.

### THIRD CLAIM FOR RELIEF

### (State Trademark Infringement—NRS 600.420)

40.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41.     By using the CASINO Mark in commerce in the manner described herein, without the consent or authorization of DDI, Defendant intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of DDI's Marks in connection with

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

012179\0025\14374722.6

the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection or association with DDI.

42.     Defendant's use of the CASINO Mark has created a likelihood of confusion among consumers who will falsely believe that Defendants' goods and services are associated with the goods and services of DDI, or that DDI has sponsored or approved Defendant's goods, services or commercial activities.

43.     Defendant's continued use of the CASINO Mark with knowledge of DDI's Marks and without the consent or authorization of DDI constitutes intentional infringement of DDI's registered state trademarks in violation of NRS § 600.420.

44.     As a direct and proximate result of Defendant's infringement, DDI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

45.     In addition to monetary damages, DDI is entitled to permanent injunctive relief preventing Defendant's continued infringement of DDI's rights in DDI's Marks.

## FOURTH CLAIM FOR RELIEF

### (State Trademark Dilution—NRS 600.435)

46.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47.     DDI's Marks are inherently distinctive or have acquired distinctiveness through DDI's extensive use.

48.     Based on DDI's continuous and extensive use of DDI's Marks in the State of Nevada, DDI's Marks are entitled to be recognized as famous under NRS 600.435(2).

49.     DDI is informed and believes, and thereon alleges, that Defendant began using the CASINO Mark in commerce and in the infringing manner described herein after DDI's Marks became famous in the State of Nevada.

50.     Defendant's unauthorized use of the CASINO Mark is likely to cause dilution of the distinctive quality of DDI's Marks and the goodwill associated with them, in violation of NRS 600.435(1)(b).

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

7

51.     DDI is informed and believes, and thereon alleges, that Defendant's actions were willful in nature, in that Defendant willfully intended to cause dilution of DDI's Marks, or willfully intended to trade on DDI's reputation.

52.     As a direct and proximate result of Defendant's infringement, DDI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

53.     In addition to monetary damages, DDI is entitled to permanent injunctive relief preventing Defendant's continued infringement of DDI's rights in DDI's Marks.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

54.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55.     By virtue of having used and continuing to use DDI's Marks, DDI has acquired common law trademark rights in the marks.

56.     Defendant's use of the CASINO Mark infringes upon DDI's interest in common law trademark rights in DDI's Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by DDI when, in fact, they are not.

57.     As a direct and proximate result of Defendant's infringement, DDI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

58.     In addition to monetary damages, DDI is entitled to permanent injunctive relief preventing Defendant's continued infringement of DDI's rights in DDI's Marks.

## SIXTH CLAIM FOR RELIEF

### (Cancellation Of Registrations And Abandonment Of Applications

### Pursuant to 15 U.S.C. §§ 1119, 1063(a), and 1064)

59.     DDI incorporates the allegations in the preceding paragraphs as if fully set forth herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

60.     DDI seeks a determination from the Court that Defendant's registration obtained for its CASINO Mark shall be cancelled.

61.     IGT's STUD Mark is confusingly similar to DDI's Marks, and if used in commerce and allowed to proceed to registration, is likely to create confusion among consumers, who will falsely believe that IGT is associated with DDI or that DDI has sponsored or approved of IGT's services or commercial activities.

62.     DDI also seeks a determination from the Court to otherwise rectify the register such that Defendant's applications for its STUD Mark do not proceed to registration.

## PRAYER FOR RELIEF

WHEREFORE, DDI respectfully prays that the Court grant the following relief:

A.      A permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from using the CASINO Mark, STUD Mark, confusingly similar variations thereof or any other marks that infringe or dilute DDI's Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and

B.      A final order and permanent injunction:

    1)      directing cancellation of Defendant's CASINO Registration on the USPTO's Principal or Supplemental Register; and

    2)      rectifying the register of the USPTO such that Defendant's applications for its STUD Mark does not proceed to registration.

D.      An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to DDI in an amount to be determined at trial;

/ / /

/ / /

/ / /

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

012179\0025\14374722.6

1       E.      An award of interest, costs and attorneys' fees incurred by DDI in prosecuting this

2   action pursuant to 15 U.S.C. § 1117(a)(3) and NRS 600.430; and

3       F.      All other relief to which DDI is entitled.

4   DATED this 12th day of January, 2016.

5

6                       Respectfully submitted,

7                       BROWNSTEIN HYATT FARBER
                    SCHRECK, LLP

8

9   By:   /s/ Nikki L. Baker
          Nikki L. Baker

10            Laura Bielinski Langberg
          Emily A. Ellis

11            100 North City Parkway, Suite 1600
          Las Vegas, Nevada  89106-4614

12
          Attorneys for Plaintiff

13            DOUBLE DOWN, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106
(702) 382-2101

012179\0025\14374722.6